IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EXCENTUS CORPORATION**, | ) CIVIL ACTION NO. 13-178 |
| Plaintiff, | ) JUDGE JOY FLOWERS CONTI |
| v. | ) |
| **GIANT EAGLE, INC. DAVID SHAPIRA, DANIEL SHAPIRA,** | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, Chief District Judge.

### *I.     Introduction*

The issue before the court is whether this court is the proper forum for a proposed counterclaim asserted by counterclaim plaintiff Giant Eagle, Inc. ("Giant Eagle") in light of a forum selection clause bargained for and agreed to by Giant Eagle with counterclaim defendant Excentus Corporation ("Excentus").

On August 7, 2013, Excentus filed a first amended complaint against Giant Eagle, David Shapira, and Daniel Shapira (with David Shapira, the "Shapira defendants"). (ECF No. 84.) On August 21, 2013, Giant Eagle filed an amended answer and counterclaims against Excentus. (ECF No. 89.) On October 24, 2013, Giant Eagle filed a motion for leave to file an amended answer and counterclaims, which included a new counterclaim for declaratory judgment against Excentus with respect to rights provided to Giant Eagle in two stock purchase agreements entered into by Giant Eagle and Excentus. (ECF No. 106.) On the same day, Giant Eagle filed a

motion for preliminary injunction against Excentus based upon the proposed counterclaim and a brief in support of the motion. (ECF Nos. 107, 108.) On November 12, 2013, Giant Eagle filed a motion to consolidate the preliminary injunction hearing with the trial on the merits and a brief in support of the motion. (ECF Nos. 110, 111.)

On November 18, 2013, Excentus filed a response in opposition to Giant Eagle's motion for leave to file an amended answer and counterclaims and a brief in support of the motion arguing this court is not the proper forum for Giant Eagle's new proposed counterclaim. (ECF Nos. 115, 116.) On the same day, Excentus filed a response in opposition to Giant Eagle's motion for preliminary injunction and a brief in support of the motion. (ECF Nos. 117, 118.) On November 20, 2013, Giant Eagle filed a reply brief with respect to its motions for leave and preliminary injunction. (ECF No. 121.) On the same day, Excentus filed a response in opposition to Giant Eagle's motion to consolidate and a brief in support of the motion. (ECF Nos. 121, 122.) On November 22, 2013, Excentus filed a motion for leave to file a sur-reply brief with respect to Giant Eagle's motions for leave and preliminary injunction. (ECF No. 124.)

On November 25, 2013, the court held a hearing with respect to Giant Eagle's motion for leave and other pending motions in this case.[1] For the reasons set forth on the record at the hearing and summarized below, Giant Eagle's motion for leave to file an amended answer and

---

[1] The court held the hearing to address the following motions: motion for summary judgment with respect to counterclaims (ECF No. 23) filed by the Shapira defendants; motion for judgment on the pleadings (ECF No. 59) filed by Excentus; motion to dismiss for failure to state a claim (ECF No. 91) filed by the Shapira defendants; motion for leave to file answer and amended counterclaims (ECF No. 106) filed by Giant Eagle; motion for preliminary injunction (ECF No. 107) filed by Giant Eagle; and motion to consolidate motion for preliminary injunction with a trial on the merits (ECF No. 110) filed by Giant Eagle. The court decided to deny Giant Eagle's motion for leave to file an amended answer and counterclaims, which mooted Giant Eagle's motion for preliminary injunction and motion to consolidate, and continued the hearing until December 10, 2013, to address the remaining motions.

2

counterclaims will be denied because the proposed amendment would be futile; this court is not the proper forum in which to assert the new proposed counterclaim. Giant Eagle's motion for preliminary injunction and motion to consolidate, which are based upon Giant Eagle's proposed counterclaim, will be denied as moot.

## II. *Standard of Review*

Excentus argues the court should deny Giant Eagle's motion for leave to amend because this court is not the proper forum to adjudicate the new proposed counterclaim, i.e., granting leave to amend would be futile. The standards for granting leave to amend and Federal Rule of Civil Procedure 12(b)(3) are set forth below.

The court may grant a plaintiff leave to amend a complaint under Federal Rule of Civil Procedure 15, which provides: "The court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15. Rule 15, however, "does not permit amendment when it would be futile. Futility "'means that the complaint, as amended, would fail to state a claim upon which relief could be granted.'" Kenny v. United States, No. 10-4432, 2012 WL 2945683, at *4 (3d Cir. July 19, 2012) (citing Burtch v. Millberg Factors, Inc., 662 F.3d 212, 231 (3d Cir. 2011)). "The standard for deciding whether claims are futile for the purpose of granting leave to amend a complaint is the same as a motion to dismiss." Markert v. PNC Financial Servs. Group, Inc., 828 F. Supp. 2d 765, 771 (E.D. Pa. 2011). "[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied." See 6 CHARLES A. WRIGHT, ARTHUS R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 2010).

The issue of proper venue under Rule 12(b)(3) "is not whether the court has authority to hear the case but simply where the case may be tried." Myers v. Am. Dental Ass'n, 695 F.2d

716, 724 (3d Cir. 1982). "[T]he movant bears the burden of proving the impropriety of the venue in the judicial district selected by [the party asserting the claim or counterclaim]." PPG Industries Inc. v. Shell Chemical LP, 2010 WL 331863, at *3 (W.D. Pa. Jan. 28, 2010) (citing Myers, 695 F.2d at 724). As the court noted in Heft v. AAI Corp., 355 F.Supp.2d 757, 762 (M.D. Pa. 2005):

> The parties may submit affidavits in support of their positions, and may stipulate as to certain facts, but the plaintiff is entitled to rely on the allegations of the complaint absent evidentiary challenge. Carteret Sav. Bank, F.A. v. Shushan, 954 F.2d 141, 142 & n. 1 (3d Cir.1992); Myers, 695 F.2d at 724. Whatever the nature of the parties' submissions, the court is bound to view the facts in the light most favorable to the plaintiff. Carteret, 954 F.2d at 142 & n. 1; Myers, 695 F.2d at 724.

Id.

### III.    *Discussion*

In the new proposed counterclaim asserted by Giant Eagle, Giant Eagle alleges that pursuant to stock purchase agreements entered into by Giant Eagle and Excentus, Excentus is required to obtain Giant Eagle's consent prior to repurchasing any of Excentus' shares in an amount in excess of $250,000. (ECF No. 106-1 at 57.) Giant Eagle alleges that "Excentus has entered into [a] Repurchase Agreement with [Alliance Data Systems, Inc. ("ADS")], which gives Excentus the option to purchase ADS' 96,688 shares of Series C Preferred Common Stock for a price equal to $7,999,965.12." (Id. ¶ 204.) Giant Eagle "seeks a declaratory judgment that Section 5.2 of the SP Agreements does require Excentus to obtain Giant Eagle's consent prior to exercising its option under the Repurchase Agreement to purchase of all of ADS' Series C Preferred Stock." (Id. ¶ 208.) Excentus argues this court is not the proper forum for the declaratory judgment action proposed by Giant Eagle because it is a permissive counterclaim, and pursuant to a forum selection clause in the stock purchase agreements, the counterclaim must be asserted against Excentus in the county in which its principal offices are located, which is not

4

within the Western District of Pennsylvania. (ECF No. 116.) Giant Eagle argues that the proposed counterclaim is a compulsory counterclaim, which must be brought in this action in this court.

Even assuming the proposed counterclaim is a *compulsory* counterclaim—as opposed to a *permissive* counterclaim—this court under the weight of the authority is not the proper forum for Giant Eagle to assert the counterclaim. The forum selection clause in the stock purchase agreements provides:

> VENUE FOR ANY ACTION ARISING OUT OF THIS AGREEMENT SHALL RESIDE EXCLUSIVELY IN THE COUNTY IN WHICH THE RESPONDENT'S PRINCIPAL OFFICES ARE LOCATED.

(ECF No. 60-1 at 24; ECF No. 60-2 at 23-24.) Excentus' principal office is located in Dallas, Texas. (ECF No. 84 ¶ 1.) Pursuant to the forum selection clause, Giant Eagle's proposed counterclaim must be filed in the court in which Excentus' principal offices are located, i.e., the Northern District of Texas in Dallas, Texas.

In Publicis Communication v. True North Communications Inc., 132 F.3d 363, 366 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit held that an otherwise valid forum selection clause should not be ignored and even compulsory counterclaims should be dismissed if filed in an improper forum. The court held:

> By agreeing to litigate in Delaware all claims arising out of requests under § 1.1 of the pooling agreement, True North promised not to assert such claims in other forums whether or not they would be "compulsory" counterclaims, and Publicis promised not to contend (in Delaware) that True North should have raised the claim somewhere else. By presenting the claim in Chicago, True North broke its promise. The district court should have enforced the pooling agreement by dismissing the counterclaim.

Id.[2] The Court of Appeals for the Second Circuit in Karl Koch Erecting Co., Inc. v. New York Convention Center Development Corp., 838 F.2d 656, 659 (2d Cir. 1988), reached a similar conclusion, holding:

> Koch, on the other hand, would not be permitted to assert counterclaims in federal court because they are an "action or proceeding ... commenced by" Koch and subject to the [forum selection] clause. Koch's action against NYCCDC would therefore have to proceed in state court.

Id. The court in Koch noted that the "bifurcation of litigation seems plainly at odds with the obvious purpose of the forum-selection clause, as well as with the purpose of Fed.R.Civ.P. 13(a)." Id. Nonetheless, the court determined that because Koch did not meet its burden to show the forum selection clause was unenforceable, the counterclaim should be dismissed because it was filed in violation of the forum selection clause. Id. at 660.

Other courts have also dismissed compulsory counterclaims if filed in a jurisdiction in violation of a valid forum selection clause. See e.g., Bancroft Life & Cas. ICC, Ltd. V. FFD Res. III, LLC, Civ. Action No. 11-2382, 2012 WL 2368302, at *4 (S.D. Tex. June 21, 2012) ("Nor is there merit to Counter–Plaintiffs' argument that their claims to enforce the benefits of the insurance policy are compulsory counterclaims and therefore must be brought in this Court. Assuming without deciding that Counter–Plaintiffs' Policy claims fall within the ambit of Rule

---

[2] In Publicis, the court held that the party seeking enforcement of the forum selection clause to bar the compulsory counterclaim could not in the proper forum assert the affirmative defense of claim preclusion based upon the failure to assert and litigate the compulsory counterclaim in the wrong forum. The court explained:
> If the parties promise to litigate a dispute only in a particular forum, a party to the contract cannot seek to bar the litigation in that forum because the claim was not presented in some other forum.

Publicis, 132 F.3d at 366. Here, if Giant Eagle asserts its new proposed counterclaim in Texas, Excentus is prohibited from asserting the affirmative defense of claim preclusion based upon Giant Eagle not asserting or litigating the new proposed counterclaim in this forum. See 6 CHARLES A. WRIGHT, ARTHUS R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1412 (2d ed. 2010).

6

13(a) because they "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim," FED. R. CIV. P. 13(a)(1)(A), the Court may not ignore the forum-selection clause."); School-Link Technologies, Inc. v. Applied Res., Inc., Civ. Action No. 05-2088, 2005 WL 2269182, at *2 (D. Kan. Sept. 16, 2005) ("For essentially the reasons stated in the court's prior order—namely, that the mandatory forum selection clause is valid and enforceable as to Applied Resources' fifth counterclaim—School-Link's motion to dismiss is granted."); Sagent Tech., Inc. v. Micros Sys., Inc., 276 F.Supp.2d 464, 471 (D. Md. 2003); FASTI USA v. FASTI Farrag & Stipsits GmbH, Civ. Action No. 02-8191, 2003 WL 1581472, at *2 (N.D. Ill. March 26, 2003) ("whether FASTI Austria's counterclaims are compulsory under Rule 13(a) does not bear on the enforceability of the forum selection clause.... FASTI Austria agreed to litigate claims arising from the licensing agreement in Austria. Rule 13(a) does not override that agreement."); see also 6 CHARLES A. WRIGHT, ARTHUS R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1412 (2d ed. 2010) ("Similar reasoning has led to the conclusion that the need to uphold forum-selection clauses alters the impact of the compulsory-counterclaim rule so that a party need not file a compulsory counterclaim in an improper forum to avoid having he claim barred in a proper forum.").

Giant Eagle cites Bancroft Life & Casualty v. Lo, Civ. Action No. 12-1431, 2013 WL 364239, at *4 (W.D. Pa. Jan. 30, 2013), in support of its position that because its counterclaim is "'related and connected' to Excentus' claims, Fed. R. Civ. P. 13 requires that they be joined together in a single action even if such joinder conflicts with a forum selection clause that 'would otherwise control.'" (ECF No. 121 at 4-5.) In Bancroft, the court held that compulsory counterclaims should not be dismissed despite the existence of an otherwise valid forum selection clause, explaining:

> [A] District Court is duty-bound to ensure that all related and connected counterclaims are made part of a pending action and disregard venue requirements that would otherwise control, as long as in doing so the Court does not extend federal jurisdiction or venue.

Id. In reaching its decision, the court relied upon the following excerpt from Lesnik v. Public Industrials Corporation, 144 F.2d 968, 973 (2d Cir. 1944):

> "Since the adoption of the federal rules, it has been recognized that important provisions as to the addition of parties under Rules 13 (counterclaims), 15 (third-party practice), and 24 (intervention) may have limited effect if requirements of federal jurisdiction and venue are necessarily to be applied to all such parties just as though they were being originally sued by the plaintiffs in the actions. These rules are a part of that fundamental tenet of modern procedure that joinder of parties and of claims must be greatly liberalized to provide at least for the effective settlement at one time of all disputes of which parts are already before the court. They should, therefore, receive such favorable construction as is possible, consistent with due recognition of the settled principle that procedural rules cannot be used to extend federal jurisdiction or venue."

Bancroft, 2013 WL 364239, at *4 (quoting Lesnik, 144 F.2d at 973). The court in Bancroft, however, did not address the courts' decisions in Publicis or Koch. The court's holding relied upon the Court of Appeals for the Second Circuit's comments in Lesnik, but did not consider the same court's decision in Koch, issued forty-four years after Lesnik. Based upon the foregoing, the weight of the authority supports the court's enforcement of the forum selection clause in the stock purchase agreements to bar Giant Eagle's assertion of its proposed counterclaim in this forum.

Giant Eagle argues, however, that the forum selection clause only requires that the initial action, i.e., the commencement of the lawsuit in its entirety, be filed in the county in which the defendant's principal offices are located. In other words, Giant Eagle argues that because Excentus filed this *action* here, the forum selection clause does not require Giant Eagle to file its

*counterclaim*, which is not an *action*, in Dallas, Texas. Giant Eagle relies upon <u>Jonathan H. v. The Souderton Area School District</u>, 562 F.3d 527, 529-30 (3d Cir. 2009), to argue "a defendant [or respondent] does not 'bring an action' by asserting a counterclaim." (ECF No. 121 at 5.) In <u>Jonathan H</u>, the court of appeals interpreted the phrase "to bring a civil action" in the Individuals with Disabilities Education Act, as amended by the Individuals with Disabilities Education Improvement Act of 2004 (collectively the "IDEA"). <u>Id.</u> The court held "an action is 'brought' when a plaintiff files a complaint, which is the first step that invokes the judicial process." <u>Jonathan H</u>, 562 F.3d at 529. In so holding, the court of appeals noted that "the word 'action,' without more, is arguably broad enough to encompass any type of judicial proceeding, including counterclaims." <u>Id.</u>

Here, the forum selection clause provides that "VENUE FOR **ANY ACTION** ARISING OUT OF THIS AGREEMENT SHALL RESIDE EXCLUSIVELY IN THE COUNTY IN WHICH THE RESPONDENT'S PRINCIPAL OFFICES ARE LOCATED." (ECF No. 60-1 at 24; ECF No. 60-2 at 23-24) (emphasis added.) The language used in the forum selection clause in this case is, therefore, distinguishable from the "to bring a civil action" language in the IDEA. The court's recognition in <u>Jonathan H</u> that "action" is broad enough to encompass counterclaims is applicable here. Accordingly, the forum selection clause applies to Giant Eagle's proposed counterclaim, which must be filed in the Northern District of Texas. The court will not grant Giant Eagle's motion for leave to amend to include the proposed counterclaim because the amendment would be futile; this court is not the proper forum for the new proposed counterclaim.[3]

---

[3] Excentus has not previously raised the forum selection clause in response to Giant Eagle's assertion of other counterclaims in this case. Excentus argues that its failure to raise the forum

## IV. Conclusion

Pursuant to the forum selection clause in the stock purchase agreements, this court is not the proper forum for Giant Eagle's new proposed counterclaim. Granting Giant Eagle leave to amend to assert that counterclaim would, therefore, be futile. Accordingly, Giant Eagle's motion for leave to amend will be denied.[4] Giant Eagle's motions for preliminary injunction and consolidation will be denied as moot. An appropriate order will be entered.

Dated: November 26, 2013 /s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge

---

selection clause did not waive its rights under that provision. Excentus relies upon section 8.05 of the SP Agreements in support of that argument. Section 8.05 provides:
> The failure of any party to insist, in any one or more instances, upon performance of any of the terms, covenants, or conditions of this Agreement shall not be construed as a waiver or a relinquishment of ny right or claim granted or arising hereunder or of the future performance of any such term, covenant, or condition, and such failure shall in no way affect the validity of this Agreement or the rights and obligations of the Parties.

(ECF Nos. 60-1, 60-2.) Under this provision, Excentus' failure to object to Giant Eagle's assertion of other counterclaims in this case did not, therefore, preclude its rights to enforce the forum selection clause with respect to Giant Eagle's proposed counterclaim at issue in Giant Eagle's motion for leave.

[4] At the hearing on November 25, 2013, Excentus agreed that it will not exercise its rights pursuant to its repurchase agreement with ADS until after December 7, 2013.