IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EXCENTUS CORPORATION**, | ) | CIVIL ACTION NO. 13-178 |
| Plaintiff, | ) | |
| v. | ) | |
| **GIANT EAGLE, INC., DAVID SHAPIRA, DANIEL SHAPIRA,** | ) | |
| Defendants. | ) | |

**OPINION**

**I. Introduction**

On November 26, 2013, the court denied the Motion for Leave to File Answer to Plaintiff's Amended Complaint and Amended Counterclaims (the "motion for leave to amend") filed by defendant and counterclaim plaintiff Giant Eagle, Inc. ("Giant Eagle"). (ECF Nos. 125, 126.) In the motion for leave to amend, Giant Eagle sought leave of court to add a declaratory judgment action to its counterclaims seeking a declaration that, pursuant to stock purchase agreements entered into between Giant Eagle and plaintiff Excentus Corporation ("Excentus"), Excentus is required to obtain Giant Eagle's consent prior to exercising its option under a stock repurchase agreement between Excentus and Alliance Data Systems, Inc. ("ADS"). At a hearing on November 25, 2013, the court determined that permitting Giant Eagle leave to amend would be futile because this court was not the proper forum for Giant Eagle's declaratory judgment action pursuant to the forum selection clause contained in the stock purchase agreements. In light of the court's ruling, Excentus agreed not to exercise its rights under the repurchase agreement

with ADS until after December 6, 2013. On November 26, 2013, the court issued an opinion and order denying Giant Eagle's motion for leave to amend. (ECF Nos. 125, 126.)

Giant Eagle now seeks reconsideration of the court's decision denying its motion for leave to amend. (ECF No. 129). On December 2, 2013, Giant Eagle filed a motion for reconsideration and a brief in support of the motion. (ECF Nos. 129, 130.) On the same day, Giant Eagle filed a motion for a temporary restraining order requesting the court to enjoin Excentus from exercising its rights to repurchase its stock from ADS until after the court decided its motion for reconsideration. (ECF No. 128.) On December 3, 2013, Excentus filed a response in opposition to Giant Eagle's motion for reconsideration, a brief in support of the response, and a response in opposition to the motion for temporary restraining order. (ECF Nos. 131, 132.) On December 4, 2013, the court granted Giant Eagle's motion for temporary restraining order and enjoined Excentus from exercising its rights to repurchase its stock from ADS until after December 13, 2013. (Id.) Giant Eagle's motion for reconsideration having been fully briefed is now ripe to be decided by the court.

**II. Discussion**

A motion to reconsider "must rely on at least one of three grounds: 1) an intervening change in controlling law, 2) the availability of new evidence not previously available, or 3) the need to correct a clear error of law or prevent manifest injustice." Waye v. First Citizen's Nat'l Bank, 846 F.Supp. 310, 313–14 (M.D. Pa. 1994), aff'd, 31 F.3d 1175 (3d Cir.1994). By reason of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). With respect to the third ground, litigants are cautioned to "'evaluate whether what may seem to be a clear error of

law is in fact simply a point of disagreement between the Court and the litigant.'" Waye, 846 F.Supp. at 314 n. 3 (quoting Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Motions for reconsideration should not relitigate issues already resolved by the court and should not be used to advance additional arguments which could have been made by the movant sooner. Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

Here, Giant Eagle's motion for reconsideration will be granted to correct a clear error of law. In the court's opinion denying Giant Eagle's motion for leave to amend, the court held granting Giant Eagle leave to amend would be futile under Federal Rule of Civil Procedure 12(b)(3) because this court is not the proper forum for Giant Eagle's proposed counterclaim. As articulated by the Supreme Court of the United States in Atlantic Marine Construction Company, Inc. v. United States District Court for the Western District of Texas, No. 12-929, Slip Op. (U.S. Dec. 3, 2013), and argued by Giant Eagle in its brief, however, a forum selection clause does not render an otherwise proper venue improper. The court in Atlantic Marine explained:

> Section 1404(a) and Rule 12(b)(3) allow dismissal only when venue is "wrong or improper." Whether venue is "wrong" or "improper" depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause.
> …
> Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in §1391(b). As a result, a case filed in a district that falls within §1391 may not be dismissed under §1406(a) or Rule 12(b)(3).

Id. at 4, 5. There is no dispute with respect to whether this court is a proper venue for Giant Eagle's proposed counterclaim under 28 U.S.C. § 1391; indeed this court is a proper forum to hear Giant Eagle's proposed counterclaim. The court, therefore, erred when it denied Giant Eagle's motion for leave to amend based upon this court being the "wrong" or "improper" forum for the counterclaim. For that reason, Giant Eagle's motion for reconsideration will be granted.

3

The court's ruling, however, does not leave Excentus without redress to enforce a valid forum selection clause entered into by the parties. As the Supreme Court held, "a forum-selection clause may be enforced by a motion to transfer under §1404(a)." Atlantic Marine, No. 12-929, Slip Op. at 1. Section 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a). The Supreme Court instructed that "[w]hen a defendant files [a motion to transfer venue]…a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atlantic Marine, No. 12-929, Slip Op. at 1. Accordingly, to the extent Excentus believes the forum selection clause in the stock purchase agreements is applicable to Giant Eagle's counterclaim for declaratory judgment, it may file a motion to transfer venue to enforce that provision.[1]

### III. Conclusion

Based upon the foregoing, to avoid a clear error of law, the court:

− grants Giant Eagle's motion for reconsideration;

− vacates the opinion and order dated November 26, 2013, denying Giant Eagle's motion for leave to amend (ECF No. 106.), denying as moot Giant Eagle's motions for preliminary injunction (ECF No. 107) and consolidation (ECF No. 110), and denying as moot Excentus' motion for leave to file a sur-reply brief (ECF No. 126);

− grants Excentus' motion for leave to file a sur-reply brief (ECF No. 124); and

---

[1] Pursuant to the order granting Giant Eagle's motion for temporary restraining order dated December 4, 2013, Excentus was enjoined from exercising its rights under the repurchase agreement with ADS until after December 13, 2013. The court at the motion hearing scheduled in this case for December 12, 2013, will consider and address the need—if any—for an extension of this deadline.

– grants Giant Eagle's motion for leave to amend without prejudice ECF No. 106).[2]

Giant Eagle must file its answer and amended counterclaims on or before December 20, 2013.

An appropriate order will be entered.

Dated: December 12, 2013                                /s/ JOY FLOWERS CONTI
                                                        Joy Flowers Conti
                                                        Chief United States District Judge

---

[2] In Excentus' sur-reply brief, which was attached as an exhibit to its motion for leave to file the sur-reply brief, it argues Giant Eagle should not be granted leave to amend because amendment would be futile because the stock purchase agreements do not govern the relationship between Giant Eagle and Excentus; instead, Excentus argues the stock purchase agreements have *expired* and shareholder agreements govern the relationship between Giant Eagle and Excentus and do not provide Giant Eagle the right to approve or deny Excentus' repurchase of its stock. This argument, which is in essence a *defense*, is best addressed based upon a more fully developed record and not at this preliminary stage of the litigation. As noted supra, the court grants Giant Eagle's motion for leave to amend without prejudice to Excentus filing, among other motions, a motion to dismiss the counterclaim.