IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**EXCENTUS CORPORATION**,  ) CIVIL ACTION NO. 13-178
) 
Plaintiff,  )
)
)
)
v.  )
)
**GIANT EAGLE, INC., DAVID**  )
**SHAPIRA, DANIEL SHAPIRA,**  )
)
Defendants.  )

# OPINION

CONTI, Chief District Judge

## I. Introduction

Pending before the court is a motion for reconsideration (ECF No. 143) filed by plaintiff Excentus Corporation ("plaintiff" or "Excentus") requesting this court reconsider its decision permitting defendant David Shapira and Daniel Shapira (the "Shapira defendants") to forward their legal bills to Excentus for payment. (H.T. 12/12/13 (ECF No. 149) at 29.) Based upon the submissions by the parties and review of the applicable legal standard, Excentus' motion for reconsideration will be denied for the reasons set forth herein.

## II. Procedural History[1]

On May 9, 2013, the Shapira defendants filed a motion for summary judgment on their counterclaims asserted in this case. (ECF No. 23.) On November 25, 2013, the court heard oral argument about, among other motions, the Shapira defendants' motion for summary judgment. The court continued the hearing to December 12, 2013. One of the issues raised by the parties'

---

[1] The procedural history section of this opinion sets forth only the procedural history relevant to the disposition of the motion for reconsideration.

briefing with respect to the Shapira defendants' counterclaims was whether the Shapira defendants "actually incurred" legal fees in relation to the case pending before this court and the case before the District Court for the Northern District of Texas because defendant Giant Eagle, Inc. ("Giant Eagle") agreed to pay those fees for the Shapira defendants.

At the December 12, 2013 hearing, the court after consideration of the parties' submissions and arguments, instructed the Shapira defendants to furnish copies of unpaid bills for their legal fees to Excentus, and instructed Excentus to pay the reasonable fees within thirty days. (H.T. 12/12/13 (ECF No. 149) at 29.) The court reserved judgment with respect to whether Excentus is liable for legal fees Giant Eagle paid on behalf of the Shapira defendants dating back to the beginning of the litigation in the Northern District of Texas to the date of the hearing before this court, i.e., December 12, 2013. (Id.)

On December 18, 2013, Excentus filed the pending motion for reconsideration and brief in support of the motion. (ECF Nos. 143, 144.) On January 8, 2014, the Shapira defendants filed an omnibus brief supplementing their motion for summary judgment and responding to Excentus' motion for reconsideration. (ECF No. 151.) On January 15, 2014, Excentus filed a motion to strike the omnibus brief and attachments. (ECF No. 157.) On January 20, 2014, the Shapira defendants filed a response in opposition to the motion to strike. (ECF No. 159.) On the same day, Excentus filed a motion to stay requesting the court stay consideration of the Shapira defendants' prospective legal bills "until it takes Excentus's Motion for Reconsideration and related briefing under consideration and rules on that motion." (ECF No. 158 at 2.) On March 24, 2014, the court issued an order denying the Shapira defendants' motion for summary judgment without prejudice to the Shapira defendants filing a renewed motion for summary judgment once discovery on whether the legal fees were "actually incurred" is completed. (ECF No. 185 at 3.)

Excentus' motion for reconsideration having been fully briefed is now ripe to be decided by the court.

**III. Standard of Review**

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A party seeking reconsideration must show at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

By reason of the interest in finality at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court already decided. Am. Beverage Corp. v. Diageo N. Am., Inc., Civ. Action No. 12–601, 2013 WL 4010825, at * 1 (W.D. Pa. Aug. 6, 2013); Rottmund v. Cont'l Assurance Co., 813 F.Supp. 1104, 1107 (E.D. Pa. 1992). Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it, rightly or wrongly, already made. Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Just as motions for reconsideration should not be used to relitigate issues already resolved by the court, they should not be used to advance additional arguments that could have been made by the movant before judgment. Solis v. Makozy, Civ. Action No. 09–1265, 2012 WL 1458232, at * 1 (W.D. Pa. Apr. 27, 2012); Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993).

## IV. Discussion

Excentus argues that pursuant to its bylaws, the Shapira defendants, who are both members of Excentus' board of directors, are not entitled to advancement of their defense costs. Section 8.1 of the Excentus bylaws provides, in pertinent part:

> The Corporation shall indemnify, and advance expenses to, each present or former director or officer of the Corporation against all judgment, penalties (including excises and similar taxes), fines, amounts paid in settlement and reasonable expenses **actually incurred** by any such director or officer in connection with or arising out of any action, suit or proceeding in which he may be involved by reason of his being or having been a director or operating of the Corporation (whether or not he continues to be a director or officer at the time of incurring such expenses and liabilities) to the fullest and same extent that indemnification of directors is permitted by all valid and applicable laws, including, without limitation, Article 2.02 of the Texas Business Corporation Act. The indemnification and advancement of expenses provided in this section shall…not be required if and to the extent that the person otherwise entitled to payment of such amounts hereunder has actually received payment therefore under any insurance policy, contract or otherwise.

(ECF No. 28-1 at 326 (emphasis added).) Excentus argues that pursuant to this provision, it is not required to advance expenses to the Shapira defendants because the expenses are being billed to and paid by Giant Eagle, and, under those circumstances, the Shapira defendants have not "actually incurred" those legal expenses. (ECF No. 144 at 2.)

At the December 12, 2013 hearing, counsel for Giant Eagle and the Shapira defendants in response to Excentus' argument that the Shapira defendants have not "actually incurred" legal fees related to this case because Giant Eagle is being billed for and is paying the legal fees, stated:

> [I]f this whole issue turns on whether Giant Eagle cuts a check to the Shapiras, before we leave the courtroom we're going to call Giant Eagle and we're going to say stop the payments; don't pay last month's fees and don't pay anything more for the Shapiras because Excentus is making this argument that if you send us the check, they're not going to be entitled—the Shapiras will not be entitled to advancement. So, at a minimum, no matter what—with respect to this "actually incurred" argument, the last couple months of fees and going forward the

4

> Shapiras are entitled because there's no way we're going to counsel Giant Eagle to keep sending us a check for the Shapiras.

(H.T. 12/12/13 (ECF No. 149) at 27.) In response to the foregoing argument, counsel for Excentus stated:

> And so it's—if they change things going forward, that creates a different situation; but what we're here today about, Your Honor, is we're here today about a summary judgment record where there is nothing in there that the Shapiras have actually incurred any expense; it's all Giant Eagle.
> …
> [T]hey have to—they have to show Excentus in this case that they are going to actually incur expenses. They didn't do that. They—they made a demand, but they didn't actually incur any. They didn't tell us they were actually incurring any. Giant Eagle was the one that was actually incurring those expenses.

(Id. at 27-29.) The court after review of the submissions by the parties and consideration of their arguments, held:

> What I'm going to do is I'm going to reserve judgment on the issue of fees that have been paid to date by Giant Eagle. **To the extent there is a *bill* for expenses that have been—is sent to the Shapiras by the law firm, that is going to be forwarded to Excentus and Excentus must pay those expenses within 30 days.**

(H.T. 12/12/13 (ECF No. 149) at 29 (emphasis added).)

Excentus in its motion for reconsideration requests this court reconsider its decision ordering Excentus to pay the Shapira defendants' prospective legal fees based upon the need to correct a clear error of law or fact or to prevent manifest injustice. (ECF No. 144 at 1.) Excentus argues "[t]here is no evidence before this Court that the Shapiras have 'actually incurred' any expenses or that they are 'actually incurring' expenses going forward." (Id.) According to Excentus, "[i]n order to 'actually incur' expenses under Texas law, the Shapiras must become liable for the claimed expenses." (Id.) Excentus in support of its argument relies upon the evidence submitted by the Shapira defendants and Giant Eagle in the form of legal bills "which do not contain a single bill to the Shapiras, do not contain any engagement agreement between

5

the Shapiras and the law firms at issue, do not contain any payment by the Shapiras for any legal expenses rendered, and do not contain any documentation of an obligation by the Shapiras to pay the fees." (Id. at 1-2.)

The court's holding set forth on the record at the December 12, 2013 hearing directly responds to counsel for Giant Eagle and the Shapira defendants' assertion that Giant Eagle would no longer pay the legal fees for the Shapira defendants *and* counsel for Excentus' assertion that because the Shapira defendants were never **billed** for the legal expenses, they did not "actually incur" those expenses. The court at the December 12, 2013 hearing emphasized: "So to the extent that there's **bills that are given to the Shapiras**, they're going to have to be paid." (Id. (emphasis added).) The court reserved ruling about bills not sent to the Shapira defendants, but held that to the extent the law firm representing the Shapira defendants sends the Shapira defendants a bill for legal services rendered on their behalf, the Shapira defendants will "actually incur" those fees, and Excentus will be liable to pay them. The court at the December 12, 2013 hearing held that Excentus will have an opportunity to object to the reasonableness of legal bills sent to them by the Shapira defendants. (H.T. 12/12/13 (ECF No. 149) at 31-32.)[2] To the extent

---

[2] The court at the December 12, 2013 hearing instructed:

> I understand you don't agree with the ruling, but I would like the Shapira -- I would like the Shapira counsel to draft the proposed order for this kind of procedure. You're going to agree on a special master because I think that does make sense here, because you'll get a much quicker hearing and a quicker turn around; and I can do it by de novo -- I'll de novo review it if there's a problem. A lot of times they can work these things out and it gets very narrow in terms of what issues really come before the Court. So I think that would be a good way to approach it.
>
> So you can draft the order for the Court with respect to any bill that is sent to the Shapiras for payment has to be paid within 30 days. If there are any portions of that that are -- that the Plaintiff -- Excentus feels would be unreasonable, they have to pay the reasonable portion within the 30 days, give notice about what

the Shapira defendants do not provide Excentus legal bills addressed to the Shapira defendants for payment by them to evidence that the Shapira defendant actually incurred the fees listed in the bills, Excentus may object to payment of those fees in accordance with the procedure agreed upon by the parties or provided for by the court.[3] Based upon the foregoing analysis, the court's decision permitting the Shapira defendants to forward their unpaid legal bills to Excentus for payment is not required to be reconsidered to correct a clear error of law or fact or to prevent manifest injustice. Excentus' motion for reconsideration (ECF No. 143) will, therefore, be DENIED.

---

> portions they're objecting to. That dispute would go to a special master for resolution and then it will ultimately come to me for de novo review. Something along those lines.
>
> If you get that to me -- make sure you share it with the -- Excentus counsel; and if you -- if you don't dispute the form of the order, it can come to me and I will, as a proposed order, I would sign it. If you dispute provisions of it you think that are not reasonable, you notify -- you notify opposing counsel and request a hearing, and we can try to do it telephonically so we don't waste too much time or travel and expense money.

(H.T. 12/12/13 (ECF No. 149) at 31-32.)

[3] On January 8, 2014, the Shapira defendants submitted a proposed order outlining the procedure for payment of the Shapira defendants' attorneys' fees by Excentus. (ECF No. 152.) The Shapira defendants indicated in their submission that they sent a copy of the proposed order to Excentus for comment, but Excentus—as of January 8, 2014—did not provide a response or comment to the proposed order. (Id.)

In accordance with the court's statements on the record at the December 12, 2013 hearing, see note 2 supra, on or before July 28, 2014, the parties must meet and confer with respect to the Shapira defendants' proposed order and nominee for special master. If the parties cannot agree upon a procedure to use for payment of the Shapira defendants' legal fees or a nominee to serve as special master, on or before July 28, 2014, the parties shall file a joint notice on the docket identifying the nature of their disagreement. If the parties cannot agree upon a proposed order or a person to serve as special master, the court will schedule a hearing to address those issues.

In light of the court denying the Shapira defendants' motion for summary judgment (ECF No. 185) and denying Excentus' motion for reconsideration, Excentus' motion to strike (ECF No. 157) and motion to stay (ECF No. 158) will be denied as moot.

An appropriate order will be entered.

BY THE COURT,

Dated: July 10, 2014

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge